UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00717-MOC
(3:20-cr-00294-MOC-DSC-2)

| | |
|---|---|
| BOBBY CHERRY, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>GARY MCFADDEN, )<br>)<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Petitioner's Pro Se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241. [Doc. 1].

## I. BACKGROUND

On August 19, 2020, Petitioner Bobby Cherry ("Petitioner") was charged, along with two-coconspirators, in a twelve count Sealed Indictment with one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (Count One) and four counts of wire fraud in violation of 18 U.S.C. § 1343 (Counts Two, Four, Six, and Seven). [Criminal Case No. 3:20-cr-00294-MOC-DSC ("CR"), Doc. 3: Sealed Indictment]. An arrest warrant for Petitioner issued the same day. [CR Doc. 3]. Petitioner was arrested on September 30, 2020 and the Indictment was unsealed at Petitioner's initial appearance the next day. [9/30/2020 & 10/1/2020 CR Docket Entries]. In his criminal proceedings, Petitioner is represented by appointed counsel Melissa Owen and Salena Davis-Woods. [10/6/2020 CR Docket Entry; CR Docs. 14, 17].

On October 6, 2020, a Magistrate Judge ordered Petitioner detained pending trial based on the reasons found and findings made by the Magistrate. [CR Doc. 12]. These included the strong

weight of evidence against Petitioner, the length of his period of conviction if convicted, his prior criminal history, his history of violence or use of weapons, his prior failure to appear in court as ordered, and his prior attempt(s) to evade law enforcement.  [Id. at 3].  The Magistrate Judge also noted Petitioner's "pending felony" and that his prior criminal record includes armed robberies. [Id.].  Ultimately, the Magistrate Judge concluded that (1) "[b]y clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community," and (2) "[b]y a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure [Petitioner's] appearance as required."  [Id. at 2].  The trial in Petitioner's criminal case was set for November 16, 2020. [10/6/2020 CR Docket Entry].  The trial has since twice been continued on Petitioner's motions. [CR Docs. 15, 16, 31, 32].  Petitioner's trial is currently set for March 15, 2021.  [1/12/2021 CR Docket Entry].

On December 17, 2020, Petitioner filed the instant pro se petition for writ of habeas corpus under 28 U.S.C. § 2241.  [Doc. 1].  Petitioner alleges that, "[o]n 9-30-20 I was at another court hearing and they detained me at the hearing, was denied due process to handle any affairs, been sitting in Mecklenburg Co jail every since."  [Id. at 2 (errors uncorrected)].  Petitioner claims (1) that he was denied affective assistance of counsel, due process or "notice from any agents or authorities," (2) that his rights under the Eighth Amendment were violated because "the state withheld information and medical attention" because of his religious beliefs and nationality; (3) "terrorism" and "violation of oath of office" because he was never read his Miranda rights and because he has been exposed to Covid-19, is in quarantine, and has been unable to tend to his family and to his business; and (4) that his rights under "Chapter 17 Article 1" were violated because he was denied the right to inquire into the lawfulness of his detention.  [Doc. 1 at 6-7].

Petitioner acknowledges in his petition that he has not appealed the detention at issue, filed a grievance, sought an administrative remedy, or otherwise challenged his detention based on the issues presented in his petition. [Doc. 1 at 2, 5]. Moreover, the docket in Petitioner's related criminal proceedings reflects that Petitioner has not challenged his detention in those proceedings.

For relief, Petitioner seeks immediate release from detention, all charges "extinguished," "full accountment of all accounts," and to "get to a hospital to get the medical attention [he] need[s]." [Doc. 1 at 7].

Petitioner remains in the physical custody of the Mecklenburg County Jail awaiting trial.

## II. DISCUSSION

Ordinarily, "defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)). A petition for a writ of habeas corpus under 28 U.S.C. § 2241, on the other hand, must attack the way a sentence is executed. A district court, however, may consider a § 2241 petition challenging the validity of a prisoner's conviction or sentence when § 2255 is "inadequate or ineffective to test the legality of … detention." 28 U.S.C. § 2255(e); In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). Further, a pretrial detainee may file a habeas corpus petition pursuant to 28 U.S.C. § 2241 in certain situations to test the legality of his detention. See United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995). To be eligible for habeas relief under § 2241, a federal pretrial detainee must first exhaust other available remedies, particularly those available under 18 U.S.C. § 3145. See e.g., United States v. Addonizio, 442 U.S. 178, 184 n. 10 (1979) (noting that "the writ of habeas corpus should not do service for an appeal"); Fassler v. United States, 858 F.2d 1016, 1018-19 (5th Cir. 1998) (per curiam) (noting that, absent unique circumstances, a defendant cannot use § 2241 to challenge a pretrial detention

3

order than can be challenged under 18 U.S.C. § 3145).

Section 3145 provides, in pertinent part, as follows:

> (b) Review of a detention order. –If a person is ordered detained by a magistrate, or by a person other than a judge of a court having original jurisdiction over the offense and other than a federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.
>
> (c) Appeal from a release or detention order. –An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3142(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(b)-(c). "[T]he one remedy which should be exhausted by a federal pretrial detainee prior to filing a habeas petition under § 2241 is a motion for review of the detention order pursuant to § 3145." Simmons v. Al Cannon Detention Center, No. 8:20-cv-2897-DCC-JDA, 2020 WL 6136601, at *4 (D.S.C. Aug. 18, 2020) (internal quotation and citation omitted).

Here, Petitioner seeks to challenge his pre-trial detention under 28 U.S.C. § 2241. Petitioner, however, has not first sought review under 18 U.S.C. § 3145 through appeal to either this Court and/or to the Fourth Circuit. Because Petitioner failed to exhaust the remedies available to him under § 3145, this petition is not properly before the Court. The Court will, therefore, dismiss it without prejudice.

### III. CONCLUSION

For the reasons stated herein, Petitioner's § 2241 petition is denied and dismissed without prejudice.

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's Petition for Writ of Habeas Corpus under § 2241 [Doc. 1] is **DENIED** and **DISMISSED without prejudice**.

2. The Clerk is directed to terminate this action.

Signed: February 2, 2021

Max O. Cogburn Jr
United States District Judge

5

Case 3:20-cv-00717-MOC   Document 3   Filed 02/03/21   Page 5 of 5